# Authority of the President to Name an
# Acting Attorney General

The President may designate an Acting Attorney General under the Vacancies Reform Act, even if an officer of the Department of Justice otherwise could act under 28 U.S.C. § 508, which deals with succession to the office of the Attorney General.

September 17, 2007

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked for our opinion whether the President has authority to name an Acting Attorney General under the Vacancies Reform Act, 5 U.S.C. §§ 3345-3349d (2000 & Supp. IV 2004), even if an officer of the Department of Justice otherwise could act under 28 U.S.C. § 508 (2000). As we advised orally, we believe that the President has this authority.

The Vacancies Reform Act ordinarily provides "the exclusive means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency . . . for which appointment is required to be made by the President, by and with the advice and consent of the Senate." 5 U.S.C. § 3347(a). This provision is subject to an exception, however, when "a statutory provision expressly . . . authorizes the President, a court, or the head of an Executive department, to designate an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity." *Id.* § 3347(a)(1)(A). Section 508 of title 28 is such a statute. It states that when the office of Attorney General is vacant, the Deputy Attorney General "may exercise all the duties of that office"; that when the office of Deputy Attorney General is vacant, the Associate Attorney General "shall act as Attorney General"; and that the Attorney General "may designate the Solicitor General and the Assistant Attorneys General, in further order of succession, to act as Attorney General." 28 U.S.C. § 508(a), (b). The Vacancies Reform Act thus did not extinguish the authority under 28 U.S.C. § 508 by which an Acting Attorney General might serve.

Attorney General Alberto R. Gonzales has resigned, effective today. Attorney General Order No. 2877-2007 (Mar. 29, 2007), issued under 28 U.S.C. § 508, specifies the order of succession to act as Attorney General when the positions of Deputy Attorney General and Associate Attorney General are vacant—as they are now. The Solicitor General is first in line, followed by the Assistant Attorneys General for the Office of Legal Counsel, for National Security, for the Criminal Division, and for the Civil Division. The President wishes the Assistant Attorney General for the Civil Division to act as Attorney General. To achieve this end, he has decided to designate that officer under the Vacancies Reform Act. Your question arises because the provision specifying that the Vacancies Reform Act

ordinarily is the exclusive means for naming an acting officer, 5 U.S.C. § 3347, does not apply here.

That the Vacancies Reform Act is not exclusive does not mean that it is unavailable. By its terms, the Vacancies Reform Act (with express exceptions not relevant here) applies whenever a Senate-confirmed officer in an executive agency resigns. 5 U.S.C. § 3345(a). The Vacancies Reform Act nowhere says that, if another statute remains in effect, the Vacancies Reform Act may not be used. Indeed, the Senate Committee Report accompanying the Act expressly disavows this view. After listing a number of statutes that would come within the exception to exclusivity in the Vacancies Reform Act, including 28 U.S.C. § 508, the Senate Committee Report states that "[i]n any event, even with respect to the specific positions in which temporary officers may serve under the specific statutes this bill retains, the Vacancies [Reform] Act would continue to provide an alternative procedure for temporarily occupying the office." S. Rep. No. 105-250, at 17 (1998).[1]

Furthermore, nothing in the text of the statute or its legislative history supports the conclusion that the "alternative procedure" of the Vacancies Reform Act may be used only when no one can serve under a statute like 28 U.S.C. § 508. In analogous circumstances, we earlier concluded that the President could use the Vacancies Reform Act to name an Acting Director of the Office of Management and Budget, even though another statute, 31 U.S.C. § 502(f) (2000), came within the exception to exclusivity under the Vacancies Reform Act and authorized the President to designate an Acting Director. We wrote that "[t]he Vacancies Reform Act does not provide . . . that where there is another statute providing for a presidential designation, the Vacancies Reform Act becomes unavailable. The legislative history squares with the conclusion that, in such circumstances, the

---

[1] The President has already issued an order embodying the conclusion that the Vacancies Reform Act is available for naming an Acting Attorney General. On March 19, 2002, he issued a Memorandum for the Attorney General on Designation of Officers of the Department of Justice, 1 *Pub. Papers of Pres. George W. Bush* 752 (2002), under which he exercised his authority under the Vacancies Reform Act to provide that, when the officials designated under 28 U.S.C. § 508 have died, resigned, or otherwise become unavailable to perform the duties of the Attorney General, specified United States Attorneys would constitute an additional chain of succession to act as Attorney General. The precise issue here, however, is whether the President may use the Vacancies Reform Act even if an officer otherwise would be able to act under 28 U.S.C. § 508.

We note that, under the version of the Vacancies Act in effect before the Vacancies Reform Act, the provision allowing the President to designate an officer to act did "not apply to a vacancy in the office of Attorney General." 5 U.S.C. § 3347 (1994). As originally introduced and as later reported by the Senate Committee, the Vacancies Reform Act would have provided that "[w]ith respect to the office of the Attorney General of the United States, the provisions of section 508 of title 28 shall be applicable." *See* 144 Cong. Rec. 12,433 (June 16, 1998) (proposed 5 U.S.C. § 3345(c)); S. Rep. No. 105-250, at 25 (same). That provision was not enacted as part of the final bill, and no provision of the Vacancies Reform Act bars the President from designating an Acting Attorney General under that statute.

Vacancies Reform Act may still be used." *Designation of Acting Director of the Office of Management and Budget*, 27 Op. O.L.C. 121, 121 n.1 (2003).[2] We do not believe that this opinion could be distinguished on the ground that, there, the President had the authority under both statutes, while here the authority under the Vacancies Reform Act belongs to the President and section 508 provides that the Attorney General may designate officers to serve. Neither the text of the statute nor the legislative history places any weight on such a distinction. Nor would it make sense that the Attorney General, through the exercise of a discretionary authority to name a further order of succession after the Deputy Attorney General and Associate Attorney General, could prevent the President, his superior, from using his separate authority under the Vacancies Reform Act. Indeed, for this reason, we believe that the President's action under the Vacancies Reform Act, without more, trumps the Attorney General's designation of a succession under section 508.[3]

A footnote in guidance from the Counsel to the President issued in 2001 states that the Vacancies Reform Act does not apply to the position of Attorney General "unless there is no official serving in any of the positions designated by section 508 to act as attorney general in the case of a vacancy." Memorandum for the Heads of Federal Executive Departments and Agencies and Units of the Executive Office of the President, from Alberto R. Gonzales, Counsel to the President, *Re: Agency Reporting Requirements Under the Vacancies Reform Act* at 2 n.2 (Mar. 21, 2001). For the reasons set out above, we believe that this statement is incorrect and that the President may use the Vacancies Reform Act even when there is an official serving in one of the designated positions under section 508. We note that the subject of the memorandum was reporting requirements under the Vacancies Reform Act, not the eligibility of officers to act under the statute, and the footnote appears in a section of the memorandum that only gives background for the reader. Moreover, the memorandum preceded our later analysis of the analogous issue posed by a vacancy in the Office of Management and Budget.

---

[2] Similarly, we have concluded that the Vacancies Reform Act could be used to provide for an Acting United States Attorney. We observed that another statute, 28 U.S.C. § 546, allowed appointment of an interim United States Attorney, who would fill the office (not be an acting officer), but that even if section 546 had dealt with acting officers, that section and the Vacancies Reform Act would both be available. *Temporary Filling of Vacancies in the Position of United States Attorney*, 27 Op. O.L.C. 149, 149–50 (2003).

[3] Section 508 itself may give some indication that it does not displace the Vacancies Reform Act whenever an official in the chain of succession under 28 U.S.C. § 508(a) remains at the Department. Section 508(a) provides that "for the purpose of section 3345(a) of title 5 the Deputy Attorney General is the first assistant to the Attorney General." *Cf. United States v. Lucido*, 373 F. Supp. 1142, 1147–51 (E.D. Mich. 1974) (under a previous version of the statute, the court suggested that the Deputy Attorney General had acted under the "first assistant" provision of the Vacancies Act and, when he reached the time limit under that statute, thereafter served under 28 U.S.C. § 508; the Department of Justice argued that the entire service was only under section 508).

We therefore believe that the President may name an Acting Attorney General under the Vacancies Reform Act and that he can take this step even if officers named under section 508 would otherwise be able to perform the Attorney General's functions and duties.[4]

STEVEN G. BRADBURY
*Principal Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[4] In the event that the Assistant Attorney General for the Civil Division were unable to carry out the duties of the Attorney General, either in general or in a specific case, the order of succession under 28 U.S.C. § 508 would again become applicable.